IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON HITNER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6072 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                        **DECEMBER 23, 2025**

Clinton Hitner, a convicted prisoner currently incarcerated at SCI Coal Township, commenced this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania seeking declaratory relief that the kidnapping statute under which he has been convicted is unconstitutionally vague.[1] He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Hitner leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.     BACKGROUND AND FACTUAL ALLEGATIONS**[2]

---

[1] Hitner asserts that this Court has jurisdiction under its King's Bench powers, citing 42 Pa. Cons. Stat. §§ 502 and 726 and Pennsylvania Rule of Appellate Procedure 3009. (Compl. at 2.) However, King's Bench jurisdiction is a power retained by the Pennsylvania Supreme Court, not a United States District Court. *See Friends of Danny DeVito v. Wolf*, 658 Pa. 165, 185, 227 A.3d 872, 884 (2020). The Court therefore construes Hitner as asserting his pleading as a 42 U.S.C. § 1983 claim.

[2] The following allegations are taken from the Complaint (ECF No. 2), and public dockets, which the Court may consider in screening Hitner's Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Hitner's Complaint does not assert any factual allegations *per se*. Rather, he contends that Pennsylvania's kidnapping statute, 18 Pa. Cons. Stat. § 2901, is facially unconstitutionally void for vagueness under the Fourteenth Amendment Due Process Clause and that it violates the Pennsylvania Statutory Construction Act. (*See generally* Compl.) Specifically, he argues that the terms "substantial distance" and "substantial period" as used in the statute do not provide fair notice of what conduct is illegal. (*Id*.) The only request Hitner seeks is a finding that § 2901 is unconstitutional on its face. (*Id*. at 9.)

Public dockets reflect that Hitner was charged in two criminal proceedings in the Bucks County Court of Common Pleas in 2004. *See Commonwealth v. Hitner*, CP-09-CR-0002016-2004, CP-09-CR-0002015-2004 (C.P. Bucks). On February 11, 2005, after a jury trial, he was convicted of two counts each of rape, involuntary deviate sexual intercourse, kidnapping, sexual assault and false imprisonment. *Commonwealth v. Hitner*, 910 A.2d 721, 723 (Pa. Super. Ct. 2006). Hitner was sentenced on October 6, 2005 to an aggregate term of not less than forty nor more than eighty years of imprisonment. *Commonwealth v. Hitner*, No. 45 EDA 2015, 2015 WL 7078634, at *1 (Pa. Super. Ct. June 2, 2015). Hitner filed a direct appeal of his conviction, and the Pennsylvania Superior Court affirmed the judgment of sentence on October 27, 2006. *Hitner*, 910 A.2d at 734. The Pennsylvania Supreme Court denied Hitner's petition for allowance of appeal on May 22, 2007. *See Commonwealth v. Hitner*, 926 A.2d 441 (Pa. 2007)). Hitner has filed several Post Conviction Relief Act ("PCRA") petitions since 2008, all of which have been denied. *See Com. v. Hitner*, CP-09-CR-0002016-2004. His most recent petition was denied on October 21, 2025. *Id*. Hitner's appeal of that denial, filed November 8, 2025, remains pending before the Pennsylvania Superior Court. *Id*. The Pennsylvania Department of Corrections Inmate Locator reflects that Hitner is currently in state custody.

## II.     STANDARD OF REVIEW

Because Hitner appears to be unable to pay the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.*  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.    DISCUSSION

Hitner asserts a facial challenge to Pennsylvania's kidnapping statute on vagueness grounds. A facial challenge "seeks to vindicate not only [a plaintiff's] own rights, but those of others who may also be adversely impacted by the statute in question." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 623 (3d Cir. 2013) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 55 n. 22 (1999)). An "as-applied challenge," where successful, bars a law's enforcement against a particular plaintiff, whereas a successful "facial challenge" results in "complete invalidation of a law." *CMR D.N. Corp.*, 703 F.3d at 624. "To ultimately succeed on the merits [of a facial challenge], a plaintiff theoretically has 'to establish that no set of circumstances exists under which [the law] would be valid, or that the [law] lacks any plainly legitimate sweep.'" *Bruni v. City of Pittsburgh*, 824 F.3d 353, 362 (3d Cir. 2016) (quoting *United States v. Stevens*, 559 U.S. 460, 472 (2010) (internal citations and quotation marks omitted)). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). The United States Court of Appeals for the Third Circuit has explained the analysis of a vagueness challenge as follows:

> A statute is void on vagueness grounds if it: (1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; or (2) authorizes or even encourages arbitrary and discriminatory enforcement. The inquiry is undertaken on a case-by-case basis, and a reviewing court must determine whether the statute is vague as-applied to the affected party. In the criminal context, the Supreme Court has held that since vagueness attacks are based on lack of notice, they may be overcome in any specific case where reasonable persons would know their conduct puts [them] at risk of punishment under the statute. Therefore, for a criminal statute to be constitutional, [it] need only give fair warning that certain conduct is prohibited. Simply because a criminal statute could have been written more precisely does not mean the statute as written is unconstitutionally vague. In addition, the Supreme Court has held that scienter requirements in criminal statutes alleviate vagueness concerns,

4

> because a *mens rea* element makes it less likely that a defendant will be convicted for an action that he or she committed by mistake.

*United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009) (cleaned up). "[F]acial challenges to statutes, including challenges based on vagueness, are disfavored" because they "run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Id*. (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008)).

Hitner raises his challenge to § 2901 on vagueness grounds arguing it violates his rights under the Fourteenth Amendment Due Process Clause. Because he asserts a vagueness challenge that does not involve the First Amendment, the Court must consider his claim "in light of the facts at hand." *Mazurie*, 419 U.S. at 550. However, Hitner does not allege any facts in his Complaint, therefore the Court has no basis on which to analyze his vagueness challenge to § 2901.

Regardless, Hitner's challenge faces more fundamental obstacles since it is clear that he is attempting to use this § 1983 case to challenge the validity of the criminal statute for which he suffered a conviction. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The rule of *Preiser* means that a "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus

petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).  Indeed, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

"[T]o avoid *Heck's* favorable termination requirement, a plaintiff must demonstrate that success on his § 1983 claims would not conflict with the prior judicial resolution of his criminal proceedings." *Herrera v. Agents of Pa. Bd. of Prob. & Parole*, 132 F.4th 248, 256 (3d Cir. 2025) (citation and quotation marks omitted)).  To date, the United States Court of Appeals for the Third Circuit has not addressed in what circumstances *Preiser* or *Heck* bars a plaintiff's facial challenge to a statute under which he was convicted.  However, the federal appellate and district courts, including this one, that have examined the question are in agreement that when a

6

plaintiff in custody seeks to invalidate a law under which he was convicted and sentenced, that claim is either one seeking *habeas* relief or is subject to the favorable termination rule in *Heck*, even if the plaintiff ostensibly seeks only prospective relief.[3] *See Small v. Johnson*, No. 23-4809, 2024 WL 2817551, at *4 (E.D. Pa. June 3, 2024), aff'd, No. 24-2597, 2025 WL 2483205 (3d Cir. Apr. 24, 2025) ("it is clear that Small's "void for vagueness" claim attacking the [Parole] Board's decision that he is ineligible for parole is actually a *habeas corpus* claim and any attempt to assert it under the guise of § 1983 is barred by *Heck* because his sentence has not been previously invalidated"); *Calabrese v. Foxx*, 338 F. Supp. 3d 775, 783 (N.D. Ill. 2017) ("If the court reached the *Heck* issue, Calabrese's facial challenge would be barred by *Heck*, for if the Domestic Violence Act's prohibition of "harassment" is void on its face, then his conviction for violating the order of protection by engaging in harassment was necessarily invalid."); *see also Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) ("[U]nlike the sort of prospective relief envisioned by the Supreme Court in *Edwards* that may have only an 'indirect impact' on the validity of a prisoner's conviction . . . the type of prospective injunctive relief that Clarke

---

[3] When the plaintiff is no longer in custody, the question is not settled. The United States Court of Appeals for the Ninth Circuit held in *Martin v. City of Boise*, 902 F.3d 1031 (9th Cir. 2018), *opinion amended and superseded on denial of reh'g*, 920 F.3d 584 (9th Cir. 2019), that plaintiffs who had previously been convicted of violating a municipal ordinance and were no longer in custody, could seek prospective relief from *future* enforcement of the same ordinance through a facial constitutional challenge. *Id*. at 1045-46. But the United States Court of Appeals for the Fifth Circuit has taken the opposite view. *See Olivier v. City of Brandon*, No. 22-60566, 2023 WL 5500223, at *4 (5th Cir. Aug. 25, 2023) (barring plaintiff from bringing a prospective, facial challenge to a municipal ordinance on the grounds that it would invalidate his prior conviction under the ordinance), *cert. granted*, 145 S. Ct. 2871 (2025); *but see Wilson v. Midland Cnty., Texas*, 116 F.4th 384, 398 n.5 (5th Cir. 2024) (noting in *dicta* that "a suit seeking prospective injunctive relief [from a state criminal statute] does not implicate *Heck*'s favorable-termination requirement (or, for that matter, *Preiser's* habeas-channeling rationale). Such a suit challenges only the future enforcement of a law and does not result in "immediate or speedier release into the community" or "necessarily imply the invalidity" of a prior conviction or sentence." (citing *Heck*)). Given that Hitner remains in custody, neither *Martin* nor *Olivier* apply here.

7

requests in this case—a facial declaration of the unconstitutionality of the 'no threats of legal redress' portion of Rule 3—is so intertwined with his request for damages and reinstatement of his lost good-time credits that a favorable ruling on the former would "necessarily imply" the invalidity of his loss of good-time credits."); *Green v. Cox*, No. 08-432, 2008 WL 4136145, at *1 (W.D. Mich. Sept. 3, 2008) ("Plaintiff seeks no damages, but simply a declaration that the Michigan statute is unconstitutionally vague.  As the Magistrate Judge correctly concluded, this is nothing but a repackaged attempt by Plaintiff to challenge the fact and duration of his confinement, and as such, Plaintiff has not stated and cannot state a proper claim for relief under Section 1983.") (citing *Heck*).

While Hitner's Complaint is silent about his criminal history, the publicly available information indicates that he is currently incarcerated under a judgment of sentence for conviction on two counts of kidnapping.  If Hitner were to succeed on his facial constitutional challenge to § 2901, it would necessarily invalidate his conviction and sentence for kidnapping, resulting in "immediate or speedier release into the community." *Wilkinson*, 544 U.S. at 75.  It therefore squarely seeks *habeas corpus* relief and implicates the favorable termination rule in *Heck*.  *See Small*, 2024 WL 2817551, at *4; *Calabrese*, 338 F. Supp. 3d at 783; *Clarke*, 154 F.3d at 189; *see also Green*, 2008 WL 4136145, at *1.  While Hitner does not explicitly request retrospective relief related to his conviction or sentence, granting his request to declare § 2901 unconstitutional would necessarily imply the invalidity of his intact conviction and sentence for kidnapping and affect the fact or duration of his confinement.  *See Preiser*, 411 U.S. at 489.  Accordingly, his only avenue for relief in federal court is a petition for a writ of *habeas corpus* after exhausting available state remedies since any § 1983 claim is barred by the favorable termination rule in *Heck*.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hitner leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915. He will not be granted leave to amend, because any attempt at amendment in this action would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). However, the dismissal will be without prejudice to Hitner filing a petition for writ of *habeas corpus* after exhausting available state court remedies. An order follows.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**